May Term, 1841.

BALL
v.
M'CALL.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. Smith* and *J. S. Newman*, for the plaintiff.
*M. M. Ray*, for the defendants.

---

BALL v. M'CALL.

In a suit for work and labour performed for the defendant on the "*Wabash and Erie* canal," evidence of work done for him on the canal south of the *Tippecanoe* river is admissible.

*Tuesday, May 25.*

ERROR to the *Fountain* Circuit Court.

SULLIVAN, J.—Assumpsit for work and labour done and performed by the plaintiff for the defendant on the *Wabash and Erie* canal. The suit was commenced before a justice of the peace. Plea, the general issue. On the trial in the Circuit Court, the plaintiff offered to prove that he had performed labour for the defendant, at the time and in the manner mentioned in the cause of action, on the "extension of the *Wabash* and *Erie* canal" below the mouth of the

*Tippecanoe* river, at *Portland* in *Fountain* county, to which evidence the defendant objected, because the cause of action was for work done on the " *Wabash* and *Erie* canal." The Court sustained the objection, and would not allow the plaintiff to prove any work and labour done for the defendant, except on the *Wabash* and *Erie* canal above the mouth of *Tippecanoe* river. Judgment was thereupon given for the defendant.

May Term, 1841.

BALL
v.
M'CALL.

It is a matter of public notoriety, that previous to the passage of the law providing for a general system of internal improvement, the western termination of the *Wabash* and *Erie* canal was at the mouth of the *Tippecanoe* river. By the act of *January* 27th, 1836, the board of internal improvement was directed to provide, amongst other things, for " an extension of the *Wabash* and *Erie* canal from the mouth of *Tippecanoe* river, down the valley of the *Wabash*, to *Terre Haute*," &c. That law, in more places than one, describes the work so to be constructed as a part of the *Wabash* and *Erie* canal. By the 6th section of the act of *February* 6th, 1837, so much of the *Wabash* and *Erie* canal as lies west of the mouth of the *Tippecanoe*, is called and designated as the *Wabash* canal, &c.; but in the same section, the part which is required to be designated as the *Wabash* canal is still referred to as " so much of the *Wabash* and *Erie* canal." By reference to subsequent acts of the legislature, we observe that that portion of the canal which lies west of the mouth of the *Tippecanoe* river, is called indiscriminately the " *Wabash* canal" and the " *Wabash* and *Erie* canal;" Acts of 1839 pp. 53, 55, 78; from which we infer that it has been uniformly considered by the legislature but as a continuation of the *Wabash* and *Erie* canal.

With this view of the case, we think the Circuit Court erred in rejecting the plaintiff's proof. He performed labour for the defendant on the canal below the mouth of the *Tippecanoe* river, and sued for work and labour done on the *Wabash* and *Erie* canal. For the reasons given, there was no variance between the allegation and the proof offered.

May Term, 1841.

*R. A. Lockwood* and *D. Mace*, for the plaintiff.
*J. Pettit*, for the defendant.